DANIEL J. DALTON, SENATOR OF THE STATE OF NEW JERSEY
IN HIS CAPACITY AS A CITIZEN AND TAXPAYER OF THE
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THOM-
AS H. KEAN, GOVERNOR OF THE STATE OF NEW JERSEY,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 16, 1986—Decided November 14, 1986.

Before Judges FURMAN, DREIER and STERN.

*Leon J. Sokol,* argued the cause, for appellant (*Greenstone & Sokol,* attorneys; *Leon J. Sokol* and *Thomas S. Boyd,* on the brief).

*Joseph L. Yannotti,* Deputy Attorney General, argued the cause, for respondent (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Joseph L. Yannotti* and *Gale P. Simon,* Deputy Attorney General, on the brief).

PER CURIAM.

On direct appeal, *R.* 2:2–3(a)(2), appellant State senator, in his capacity as a citizen and taxpayer, challenges the Reorganization Plan submitted to the Legislature by respondent Governor of New Jersey on June 30, 1986. The plan transferred "certain functions" of the Department of Energy, established by *L.* 1977, *c.* 146, *N.J.S.A.* 52:27F–1 *et seq.,* to the Department of Commerce and Economic Development, the Department of Community Affairs and the Department of Environmental Protection.

The Legislature failed to adopt a concurrent resolution disapproving the plan within 60 calendar days, as it was empowered to under the Executive Reorganization Act of 1969, *N.J.S.A.* 52:14C–7(a); by legislative inaction the plan took effect after expiration of that 60–day period on August 29, 1986. We denied appellant's emergent application for a stay pending appeal.

The issue before us is whether the Governor in his Reorganization Plan dismantling, at least in part, the Department of Energy exceeded his authority under the Executive Reorganization Act of 1969, *N.J.S.A.* 52:14C–1 *et seq.* That act in *N.J.S.A.* 52:14C–6(a)(1) prohibits a Gubernatorial reorganization plan which abolishes a principal department in the executive branch or transfers a principal department in the executive branch "or

all the functions thereof." The Department of Energy was created by the Legislature as a principal department in the executive branch of State government.

■ Appellant urges an infringement of *N.J.S.A.* 52:14C–6(a)(1) by the Governor in his effectively abolishing the Department of Energy and transferring all its functions. Appellant does not separately challenge the constitutionality of the Reorganization Plan. He takes the position, with which we agree, that the allocation of executive and administrative offices within the principal departments of State Government is a legislative function, *N.J.Const.* (1947), Art. V, § IV, par. 1, and that the Governor's authority is limited to that delegated to him by the Legislature in the Executive Reorganization Act of 1969.

Literally, the Department of Energy was not abolished by the Reorganization Plan under review. The Commissioner of the Department of Energy continues to hold that office. The Board of Public Utilities (BPU), pursuant to *N.J.S.A.* 52:27F–6, and the New Jersey Public Broadcasting Authority and Office of Cable Television, both agencies within BPU, remain within the Department of Energy.

We understand appellant's argument to be that what is left of the Department of Energy apart from BPU is a mere shell; that BPU is "in but not of" the Department of Energy exercising its own functions and not functions of the department; and that, accordingly, the Reorganization Plan transferred in effect all the functions of the Department of Energy, contrary to *N.J.S.A.* 52:14C–6(a)(1).

■ We reject that argument factually and legally. The holdover Commissioner retains a staff of six in budgeted positions. He has ongoing administrative and reporting responsibilities and functions pursuant to *N.J.S.A.* 52:27–8 and 11, the major of which are to prepare an emergency allocation plan for energy shortage situations, to report every three years on energy emergency preparedness of the State and various State agencies, and to advise the Governor of any impending energy

shortage in order that the Governor may declare a state of energy emergency. Moreover, the administrative activities of BPU, an agency allocated to the Department of Energy, are functions encompassed within the phrase "all the functions" [of the department] in *N.J.S.A.* 52:14C–6(a)(1).

In his answering brief, respondent Governor argues for dismissal of the appeal on the ground that the subject matter is a nonjusticiable political controversy. We do not agree. The interpretation and application of *N.J.S.A.* 52:14C–6(a)(1), may be resolved, like any other statute's, upon judicial review. Finally, because we decide in favor of respondent Governor on the merits of the appeal, we need not and do not decide the procedural defense of lack of standing advanced in his answering brief.

We affirm.